DAVID GIBSON *et al.,* Plaintiffs in Error, *v.* THE CITY OF CHICAGO, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

In making assessments for public improvements, in the city of Chicago, the costs of engineering, superintending and collecting, may be included.

The Common Pleas Court, has the same authority to continue a case for assessments, that it has to continue any other case.

In showing an assessment, there must be something to indicate clearly what the figures used, stand for, or are intended to represent.

ON the 11th day of May, 1857, the Common Council of the city of Chicago ordered that Canal street, from Van Buren street to Old street, be filled in accordance with estimate and specifications of the city superintendent, and also ordered that $20,814, be assessed upon the real estate in the west division of the city, deemed benefited by said improvements, and elected three disinterested freeholders, to make such assessment.

Gibson et al. *v.* City of Chicago.

The estimate of the city superintendent, above referred to, was made on the 9th day of May, 1857, under a requisition of the committee on streets and alleys of the west division, and after stating the general character of the work to be performed, states that the cost will be as follows:

*Whole Distance (lineal) 7,300 feet.*

| | |
|---|---:|
| 1,520 cords stone broken and delivered, $12. | $18,240.00 |
| 7,240 cubic yards earth filling, 45c. | 2,258.00 |
| Advertising | 16.00 |
| Engineering and Superintendence | 75.00 |
| Commissioners for making assessment | 75.00 |
| Collecting | 150.00 |
| Total estimated cost | $20,814.00 |

On the 18th day of July, 1857, the commissioners reported that they had assessed said sum of $20,814, upon the real estate therein described, as the only real estate benefited by said improvement, and that the benefits resulting thereto were in the proportion of said sum set oposite to each lot, part of lot and land respectively in said assessment roll. They further reported that said assessment did not exceed three per cent. per annum on the property assessed. The following is a copy of the assessment roll so far as the same relates to the property of the plaintiffs in error:

ASSESSMENT ROLL.

A description of the real estate in the west division of Chicago, deemed benefited by Macadamizing Canal street, from Van Buren street to Old street, with the valuation thereof, and of the sums of money severally assessed thereon, for benefits, by the commissioners, to wit:

*School Section Addition.*

| Name of Owner. | Part of Lot of Land. | Sub Lot. | Lot. | Block. | Valuation. | Assessment. |
|---|---|---|---|---|---|---|
| E. Morrison | | | 1 | 53 | 3,000 | 76.92 |
| Jas. Granger | | | 2 | 53 | 2,500 | 47.73 |
| John Gooche | | | 32 | 56 | 2,500 | 55.36 |
| David Gibson | | | 7 | 60 | 4,000 | 59.32 |
| " | | | 8 | 60 | 6,000 | 177.97 |
| " | | | 9 | 60 | 6,000 | 174.09 |
| " | | | 10 | 60 | 4,000 | 58.03 |
| " | | | 23 | 60 | 4,000 | 60.36 |
| " | | | 24 | 60 | 6,500 | 181.08 |
| C. B. Farwell | | | 1 | 61 | 6,500 | 193.81 |
| " | | | 2 | 61 | 4,500 | 64.61 |

Gibson et al. *v.* City of Chicago.

| Name of Owner. | Part of Lot of Land. | Sub Lot. | Lot. | Block. | Valuation. | Assessment. |
|---|---|---|---|---|---|---|
| *Brainard and Evans' Addition.* | | | | | | |
| Daniel Brainard | | | 1 | 5 | 2,500 | 53.22 |
| " | | | 2 | 5 | 2,500 | 56.18 |
| " | | | 3 | 5 | 2,500 | 57.66 |
| " | | | 4 | 5 | 2,500 | 63.57 |
| Richard Finneman | 160 ft. on Canal st. by 120 ft. on Judd st. | | | 5 | 11,000 | 280.94 |
| Daniel Brainard | | | 10 | 6 | 2,500 | 55.05 |
| " | | | 11 | 6 | 2,500 | 58.10 |
| " | | | 12 | 6 | 2,500 | 56.58 |
| " | | | 13 | 6 | 2,500 | 53.52 |
| " | | | 14 | 6 | 2,500 | 53.52 |
| " | | | 15 | 6 | 2,500 | 56.57 |
| " | | | 16 | 6 | 2,500 | 58.10 |
| " | | | 17 | 6 | 2,500 | 55.05 |
| " | | | 10 | 7 | 2,500 | 55.05 |
| " | | | 11 | 7 | 2,500 | 58.10 |
| " | | | 12 | 7 | 2,500 | 56.58 |
| " | | | 13 | 7 | 2,500 | 53.52 |
| " | | | 14 | 7 | 2,500 | 54.28 |
| " | | | 15 | 7 | 2,500 | 57.64 |
| " | | | 16 | 7 | 2,500 | 59.33 |
| " | | | 17 | 7 | 2,500 | 56.58 |
| P. Brennan, | | | 1 | 8 | 2,500 | 53.22 |
| Daniel Brainard | | | 2 | 8 | 2,500 | 56.12 |
| M. Walsh | | | 3 | 8 | 2,500 | 54.71 |
| Daniel Brainard | | | 4 | 8 | 2,500 | 51.75 |
| " | | | 5 | 8 | 2,500 | 52.49 |
| " | | | 6 | 8 | 2,500 | 55.74 |
| " | | | 7 | 8 | 2,500 | 57.37 |
| " | | | 8 | 8 | 2,500 | 60.62 |
| *Canal Trustees' Subdivision of S. W. ¼, and so much of the S. E. ¼ of Sec. 21, T. 39, R. 14, as lies west of Chicago River.* | | | | | | |
| G. W. Penny | | | 2 | 43 | 20,000 | 555.06 |
| " | | | 1 | 44 | 20,000 | 555.76 |
| J. F. Irwin | | 1 | 4 | 44 | 2,500 | 29.57 |
| *Canal Trustees' Subdivision of N. W. ¼ of S. 21, T. 39, R. 14.* | | | | | | |
| Michael Kehoe | | | 14 | 49 | 125,000 | 277.99 |
| J. Clowry | | | 14 | 62 | 2,500 | 48.79 |
| | | 4 | 14 | 62 | 2,500 | 48.79 |
| | | 5 | 14 | 62 | 2,500 | 48.35 |
| | | 6 | 14 | 62 | 2,500 | 49.97 |
| | | 7 | 14 | 62 | 2,500 | 53.22 |

The assessment roll shows that the whole assessment is less than three per cent. upon the assessed value of the whole property assessed.

The commissioners' assessment was returned to and filed in the city clerk's office, July 22nd, 1857. The city clerk gave

notice, by publication in the corporation newspaper, to file objections to the assessment, on the 22nd of July, 1857, which notice was published ten days consecutively, commencing July 23rd, 1857. The assessment was confirmed by the council, October 5th, 1857.

A warrant was issued to the collector, in due form, October 9th, 1857. On the 27th day of January, 1858, the collector reported to and filed with the clerk of the Cook County Court of Common Pleas, a list of lands, lots, parcels of land, and other real estate, situated within the city of Chicago, on which said assessment remained due and unpaid, attached to which report were certificates of the publisher of the corporation newspaper, of the publication of a notice by the city collector, that said warrant had come into his hands, and requiring payment of the same; and also, of a notice of his intended application for judgment, at a special term of the Cook County Court of Common Pleas, to be held on the 27th day of January, 1858. The notice of the application for judgment described the warrant as follows:

WEST DIVISION.

"Special warrant No. 306, dated October 5, 1857, for macadamizing Canal street from Van Buren to Old street."

On the 28th day of January, 1858, Daniel Brainard, E. Morrison, and James Granger, filed their objections to the rendition of a judgment against block 57, S. S. Addition to Chicago, and blocks 5, 6, 7, and 8, in Brainard & Evans' Addition to Chicago.

Among other objections filed were the following:

1st. That the amount levied and assessed was greater than the cost of the work authorized to be done by said order.

2nd. That the assessment made was unequal between the parties assessed, and not in relative proportion to amount of benefit to them, respectively, from said improvement.

4th. That the amount of benefit assessed on the property of the objectors, was much greater than upon adjoining property, appraised by the commissioners under such order at the same amount as the property of these defendants, and in every way similarly situated and equally benefited by said improvement.

10th. That the city council were not authorized to assess for certain purposes set forth in the estimate of the superintendent, and on account of which certain amounts were computed and assessed in said assessment; to wit, for engineering and superintending, the sum of $75 was computed in the sum to be assessed; for collecting, the sum of $150; for assessing, the sum of $75; whereas, the duties of engineering, superintending,

37

collecting, and a portion of the assessing, appertain to and are to be performed exclusively by certain salaried officers.

12th.  That the assessment was not delivered to the city clerk within forty days from the appointment of the commissioners.

13th.  That the notice gives no description of the lands or lots, or of the amount of taxes or assessment, interest or costs.

15th.  That said assessment upon said property, assesses the same at an amount greater than three per cent. thereon.

On the trial, on the 28th day of January, 1858, the plaintiff offered in evidence the above warrant.

The defendants offered in evidence the estimate of the city superintendent above referred to, which was objected to by plaintiff, and excluded by the court.  The defendants also offered in evidence, a certificate of the city clerk, showing that an assessment roll was then on file in his office, for planking Van Buren street from the south-west plank road, which said assessment was confirmed July 6th, 1857 ; that lot one, of block 53, of School Section Addition to Chicago, was assessed in the name of E. Morrison, at a value of $2,500, and to pay $53.54, for said planking, and showing that it appeared by a warrant on file in the office of the city comptroller of said city, that said assessment had been paid ; which it was agreed should have the same force and effect as the original papers to which they refer, and none other.

The court, after hearing the case, took the same under advisement, and continued it until the next term.  At the June term, 1858, the court rendered a judgment against the lands and lots described in the warrant, for the sum annexed to each lot and parcel of land, and for costs, and for ten per. cent. thereon for damages, and ordered a sale of the property against which judgment was rendered.

Daniel Brainard, E. Morrison, and James Granger, bring the case to this court by writ of error.  David Gibson, John Gooche, C. B. Farwell, R. Finneman, P. Brennan, Michael Walsh, George W. Penny, J. F. Irwin, M. Kehoe, and Jeremiah Clowry, also bring the case to this court by writ of error.  The errors assigned in both cases are,

1st.  Judgment should have been for defendants, and not for plaintiff.

2nd.  The objections of the defendants should not have been overruled.

3rd.  The court should have admitted the evidence offered by defendants, and set forth in bill of exceptions.

4th.  The assessment roll and warrant are invalid, having

nothing upon them to indicate the assessed value of the property, nor the amount assessed upon the same.

5th.    The court had no authority to continue the case to and render judgment at a term subsequent to the one at which the application for judgment was made.

6th.    The judgment is a nullity, it not appearing for what sums it was rendered.

7th.    The court erred in rendering judgment for ten per cent. damages.

BECKWITH, MERRICK & CASSIN, for Plaintiffs in Error.

E. ANTHONY, for Defendant in Error.

CATON, C. J.    We are of opinion that the court had authority to continue the case under advisement, and render a judgment at a subsequent term, the same as any other case within its general jurisdiction.

The first section of the seventh chapter of the City Charter authorized the Common Council to cause this improvement to be made.    The second section declares that the expenses of the improvement with the costs of the proceedings therein, shall be assessed upon the property benefited thereby.    The third section says, " The amount to be assessed for any such improvement * * shall be determined by the Common Council."    It is now objected that the Common Council levied an assessment for too much.    Under the direction of the city authorities, the engineer made a specification of the work, and an estimate of the expense, in which he included an estimate of seventy-five dollars for engineering and superintendence, and one hundred and fifty dollars for collecting.    For the amount of the engineer's estimate including these items, this assessment was levied, and because these items were included, it is insisted that the assessment was illegal, because they were for services to be performed by salaried officers of the corporation.    If these were to be a part of the expenses of the improvement or the costs consequent upon the proceeding, then the law expressly declares, that they are to be included in the assessment.    That the expense of engineering and superintending is a part of the indispensable expense of the improvement, as much as the expense of breaking the stone, or hauling the material, would seem to require no argument to prove, and it was immaterial to the owners of the property, whether the corporation employed an engineer for the particular work and paid him for that alone, as they had an undoubted right to do, or employed an engineer by the year and directed him to attend to this and other work.    It was no less

a part of the expense of the improvement, in the one case than in the other. It was an indisputable expense, and properly included in the estimate. So also of the cost of collecting the assessment. It seems difficult to discuss a point which appears so self evident. There must be room for argument before a sensible argument can be made. Surely the assessment would not collect itself, or at least the Common Council must have had remarkable confidence in the ability and punctuality of all the property holders, to have been justified in omitting in their estimate, this expense. There is, however, a fatal defect in this assessment, which we should not regret to get over, could it be done consistently with the principles of law. In the assessment roll are two columns, one headed " valuation," and the other " assessment," in each of which, certain figures are set down. The last column is footed up thus, " $20,814 00," and between the 4 and the next to the last 0 is a red line drawn, which may be fairly understood to mean twenty thousand eight hundred and fourteen dollars and no cents, and when the footing at the bottom of the column is found to be the sum of all the figures in the column above, we are reasonably informed that the figures above are designed for dollars and cents, although there is nothing in the column above to indicate what those figures were intended to stand for. We are disposed to embrace anything, which can, by any reasonable intendment, inform us of the meaning of the figures set down in the assessment. But if there be nothing to indicate the meaning of the figures, then we are left to the merest conjecture. No suspicion, no mere conjecture without a particle of proof to warrant them, no matter how violent they may be, in any well-regulated government, has ever been held sufficient by its legal tribunals, to warrant a condemnation ; and we hope to be the last to depart from a rule, upon the inviolability of which the life, the liberty and the property of every member of the community depends. The column headed valuation, is filled with figures—nothing else. There is no word, mark or character, attached to or connected with any of these figures, showing what they were designed to represent. There is no proof in this case, showing what was the valuation placed upon any lot, in this assessment. If we adhere to the decision made at the last term, in the case of *Lawrence* v. *Fast*, 20 Ill. 340, this must be held to be a fatal defect in the assessment. We have seen no reason to doubt the correctness of the views there expressed, and have no inclination to depart from them. The law will not authorize this or any other court, to assume any fact to exist without the least particle of proof, either direct or circumstantial. But we do not propose to renew the discussion of this point. We see no way to avoid a

new assessment, to compel the owners of the property benefited by this improvement who have not paid their proportion of the expense, to do so, unless this defect can be cured by further proof.

The judgment must be reversed and cause remanded.

*Judgment reversed.*

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.