## THE CITY OF CHICAGO, Appellant, *v.* WILLIAM WHEELER, Appellee.

## THE SAME, Appellant, *v.* ROSALIE A. BONNER *et al.,* Appellees.

### APPEALS FROM THE SUPERIOR COURT OF CHICAGO.

In an action against the city of Chicago to recover for lots taken for the extension of a street, the city is estopped from denying the validity of its assessment roll. It cannot avail itself of its own wrong.

The city authorities, by acting upon an assessment, will be held to have waived all objection to antecedent irregularities.

Although the dollar mark may be omitted in some parts of an assessment made in reference to opening a street, yet if there are sufficient evidences on the roll to determine the amounts to be paid, it will be sufficient.

If the city refuses to pay allowances made to the owners of property which has been taken to open or extend a street beyond a reasonable time, as for the space of two years, interest will be allowed on such claims.

THESE were actions in assumpsit. The declarations set out the various steps taken, or alleged to have been taken, in pursuance of the charter, for the purpose of condemning the lots of the appellees for the opening of LaSalle street; and among other things, that the " common council, in pursuance of the requirements of the charter, chose three disinterested freeholders, to wit, F. A. Bragg, Thomas Church, and W. W. Salstonstall, residing in said city, as commissioners to ascertain

and assess damages;" that the commissioners proceeded to make their assessments, and "did determine and appraise to the owner and owners the value of the real estate appropriated," etc.; that there was "appraised, allowed and awarded to said plaintiff, in and by said assessment, * * * as damages for the taking and appropriation of the land of said plaintiff, * * * and the buildings thereon, for the purpose of opening said street over and above benefits for the lands appropriated, the sum of," etc.; that it was the duty of the city to proceed to collect the assessment with diligence, and to pay the plaintiffs the sum of, etc., within a reasonable time. And the city then and there undertook and promised to do their duty in that behalf.

Plea, general issue. Trial before JOHN M. WILSON, Judge, without a jury, by agreement.

J. L. KING, for Appellant.

FARWELL & SMITH, for Wheeler.

ARNOLD, LAY & GREGORY, for Bonner.

WALKER, J. The questions presented by these records are the same in all respects, and will therefore be considered together in this opinion. The cases were special assumpsit, for the recovery of damages awarded to appellees, which they had severally sustained by the appropriation of their real estate to the use of the city, in the extension of LaSalle street. On the trial below, the appellees introduced and read in evidence, against the objection of appellants, the assessment rolls, in which the commissioners had reported the amount of damages appellees had severally sustained by the appropriation of their lots for this improvement. The city objected to it as evidence, because it fails, on its face, to show that the commissioners making the return, were disinterested freeholders, residents of the city of Chicago, and that there are no words, signs or characters employed in the assessment roll, indicating what the figures therein employed were designed to represent.

By the order of the city council, entered on the twelfth day of November, 1855, they resolved to proceed to the election, by ballot, of three reputable, discreet and disinterested freeholders of the city of Chicago, to ascertain the damages, etc., occasioned by opening of this street. They proceeded, and elected the commissioners. It appears by this resolution, that they were fully apprised of and determined to discharge their duty. And notwithstanding the order appointing them to act, fails to recite

that they are disinterested freeholders of the city, it does not lie with the city to insist that it failed to perform its duty. It cannot be heard to insist upon, and avail itself of its own wrong. To permit it to urge this objection, after the real estate thus condemned to public use has been appropriated, and the owners wholly deprived of its use, would be to sanction fraud and injustice that would be intolerable in any court. We have no hesitation in saying, that the city is estopped from urging this objection.

But even if it is not estopped by the appointment of the commissioners, this is a requirement which the parties may undoubtedly waive. And the parties may manifest an intention to waive this requirement of the statute expressly or by implication. This provision was inserted to secure fairness, and prevent partiality, and is for the mutual benefit of the parties. But it is not imperative. These commissioners perform the duties of jurors, or arbitrators, when acting under the commission. And whilst the law has provided that jurors and arbitrators shall be disinterested, the practice has ever obtained, that the person electing a juror or choosing an arbitrator, cannot be heard afterwards to insist, in avoidance of the verdict or award, that the juror or arbitrator was interested, unless imposition has been practiced. It is however otherwise, where the party is not present and takes no part in the proceeding. In this case, the city selected the commissioners, and if not disinterested, they waived the objection by proceeding afterwards as though they were in all respects competent. They received and approved their report, ordered the street to be opened, the assessments to be collected, and the damages to be paid; and these acts, we think, afford abundant evidence that even if the commissioners were not disinterested, or were not freeholders, or did not reside in the city, that appellant waived the objection, as they had competent authority to do, and cannot now be heard to object.

In regard to the second question, this court has repeatedly held, that in assessments for taxation, and the assessment of damages, and the amount of compensation to be paid, in these proceedings, the amount must be in dollars and cents, designated by some character, word or mark. But in this case, the assessment roll has the character indicating dollars, annexed to the figures, comprising the total at the foot of the columns headed "costs of proceeding," "net damages" and "net benefits," but no word, character or mark is employed to designate the amount in the column headed "valuation." In the case of *Gibson* v. *The City of Chicago*, 22 Ill. 566, we say, "the court is disposed to embrace anything which, by fair and reasonable intendment, can inform us of the meaning of the figures employed in the

APRIL TERM, 1861. 481

City of Chicago *v.* Wheeler.   Same *v.* Bonner et al.

assessment." In this case, we see, the bottom of the column headed "net damages," is footed up " $135,328.00," and the two " 00" are separated from the other figures by a single line. This manifestly represents, one hundred and thirty-five thousand three hundred and twenty-eight dollars. And when we see, on the top of the last and preceding pages, written, "Amount bro't forward," and at the bottom of each page, "Amounts carried forward," and by the addition of all the figures in each of the columns headed "net damages," that it makes the total sum of the footing, it renders it morally certain, that the figures placed opposite the names of each of these appellees, were designed to represent the sum in dollars and cents, which was assessed as their damages. The amount is as certainly determined, as if the dollar mark had been placed at the head of the column, or at the left hand side of the figures opposite their names. If it appears from any part of the report, what the figures were designed to represent, it will suffice.

Then, was it essential in this proceeding, that the figures placed in the column headed "valuation," should have designated the sum which they were employed to represent? The statute has not, in terms, required the commissioners, in this proceeding, to report the value of real estate assessed, either as benefited or damaged by the improvement. The 8th section of chapter six of the city charter, requires the commissioners to make an estimate, and if the damage be greater than the benefit received, or if the benefit be greater than the damage, in either case they shall strike a balance, and carry the difference forward to another column, so that the assessment may show what amount is to be received or paid by the owners respectively, and the difference only shall be collectable or payable to them. Here we perceive the object contemplated, is to ascertain the sum each property holder is damaged beyond the benefits received, or benefited beyond the damage sustained. This damage or benefit is in no way dependent upon the value of the property affected. The portion of a lot appropriated, the change in its improvements, the condition in which it is left, its nearness or remoteness to the improvement, etc., are the basis of these estimates, and not the value of the land. It is the amount of benefits received or damages sustained, which has to be ascertained, and this without reference to the value of the property affected.

This proceeding is very different in its operation, from a levy to pave or grade a street, by assessment on the adjoining property. In that proceeding, the common council is limited in levying the assessment to a sum not exceeding three per cent. on the value of the property, whilst this proceeding has no limit but the amount of damages or benefits sustained by the property.

In that proceeding, it is absolutely necessary that a valuation should be fixed, to enable the common council to make the levy. But no such necessity exists in this proceeding, and as the statute has not required it, and as we can perceive no necessity for it, we are clearly of the opinion, that its omission will in no way affect the validity of the assessment.

By agreement, the appellees assign as cross-error, that the court should have allowed interest on the amount of damages awarded them by the assessment.   The second section of our interest law gives six per cent. interest upon money withheld by an unreasonable or vexatious delay of payment.   When this assessment was made, returned and confirmed, the property condemned for the street became that of the city for public use, and the city became the debtor of the former owner to the amount of the damages reported, and allowed by the city on the confirmation of the report.   This sum they justly owed, and were bound to pay within a reasonable time.   The law has imposed the duty upon the common council to collect and pay it, and gives the city a lien upon all property assessed for benefits, for the space of two years after the confirmation of the report. (See section 4, chapter 8, City Charter.)   From this provision, it is obvious that the General Assembly regarded two years ample time in which to collect the assessments and pay the damages.   And that they regarded a delay of more than two years as unreasonable, is manifest, as the lien is taken away after that period has elapsed.   And as the legislature has indicated that a delay of more than two years is unreasonable, we are of the opinion, that after the expiration of that time, the party is entitled to receive interest on his damages.   The court therefore erred in not allowing interest after the 9th day of June, 1858, that date being two years after the confirmation of the report.   We shall reverse the judgments below, and as the amount which these appellees are entitled to receive, depends upon computation only, we shall render the proper judgments here.   Upon computation we find that Wheeler is entitled to recover $18,673$\frac{43}{100}$, and Bonner the sum of $12,162$\frac{65}{100}$, for which sums judgments are rendered, respectively, in their favor in this court.

The judgments of the court below are reversed, and judgments rendered in this court.

*Judgments reversed.*