ISRAEL J. BENITEAU v. THE CITY OF DETROIT.

*Street paving—Advertisements—Bids.*

The charter of Detroit provides that for street paving purposes the lots fronting on the street shall constitute one local assessment district unless the common council shall subdivide it. *Held* that if a resolution of the council declaring that the lots shall constitute one district is necessary at all, it is not fatally defective in not excepting the cost of paving the intersections of the streets from the purposes of the assessment, since the charter also provides that that shall be done by the city.

Cost of advertising for bids, superintendence, etc., is properly included in an assessment for street paving.

A street paving bid is not defective in not distinguishing between the portions of the improvement chargeable to the lots fronting on the street, and the portion chargeable to the city, where the relative proportions have already been fixed.

Where a statute required that the board of public works should advertise for paving bids, an advertisement was *held* sufficient that purported to issue from the office of the board, signed with the name of its president, and stating that bidders must file with the board a satisfactory bond, and which was afterward acted upon by that body.

Appeal from the Superior Court of Detroit.   Submitted April 24.   Decided June 10.

BILL to restrain an assessment.   Complainant appeals.

*Otto Kirchner* for complainant.   A street paving tax cannot be levied unless an assessment district is created, *Motz v. Detroit,* 18 Mich., 495; advertisements for bids should contain specifications for the work as required by the revised charter of Detroit of 1867, ch. 8, § 12, *Att'y Gen. v. Detroit,* 26 Mich., 263.

City Counselor *F. A. Baker* for defendant.

COOLEY, J.   This is a case appealed in equity from the Superior Court of Detroit.   The bill was filed to restrain an assessment made for grading, paving and

curbing of a portion of Hastings street, because of errors which were supposed to invalidate it. The proceedings were governed by the act amendatory of the charter of Detroit, approved April 5, 1869 (3 Sess L. 1869, p. 1686), and the objections made to them will be examined in their order.

*First.* It is said that an assessment district was not properly established by the common council, and consequently, under the rule laid down in *Motz v. Detroit,* 18 Mich., 495, there could be no legal assessment.

The statute provides (§ 39, p. 1724) that "for the purpose of such assessment, the lots and parcels of real estate situated on said street, and fronting the portion thereof ordered to be improved, shall constitute one local assessment district, unless the common council, with a view to make the assessment more equal and just, shall subdivide the same into two or more assessment districts." The following is the resolution of the common council in this case: "That for the purpose of assessment for defraying and paying the cost of grading, paving and setting curb on Hastings street from the north curb line of Congress street to the south curb line of Gratiot avenue, the lots and parcels of real estate situated on Hastings street, embraced within said limits and fronting the portions of said street ordered to be improved by said grading and paving, shall be and the same are hereby constituted and declared to be one local assessment district."

The only fault we understand to be found with this resolution is that it makes the lots designated an assessment district for the purposes of an assessment for defraying and paying the whole cost of the improvement, without excepting therefrom the cost of grading and paving the intersections of streets, which by section 38 of the same statute, must be borne by the city.

As the statute expressly provides what the assessment district shall be, when the common council do not establish more than one, it is not very clear that any

resolution was necessary in this case; but assuming one to be needful, the one adopted seems to be unexceptionable. The district was described with entire accuracy; and if the resolution is faulty in any particular, it is in speaking of the district as one for the assessment of the whole cost of the improvement, whereas a part of the cost is by statute excepted. But at most this was only a misrecital, and could wrong no one. In levying the assessment the proportion chargeable to the city would necessarily be excepted, whether it was so specified in the resolution or not. But we do not think the resolution necessarily imports that the whole cost of the improvement was to be assessed on the lots designated. Those lots are to constitute a district for the purposes of the assessment; but it is not inconsistent with this recital that some portion of the cost was to be otherwise provided for.

*Second.* It is objected that there was included in the assessment the cost of advertising, superintendence, etc. But this was clearly right. This is a part of the cost of the improvement; and the statute contemplates that the whole cost, except the sum that is to be apportioned to the city, shall be covered by the assessment upon the lots.

*Third.* The bids for doing the work are said to be defective, because they did not distinguish between the portions of the improvement chargeable to the lots and the portions chargeable to the city. The bid accepted was for excavating and removing the earth, by the cubic yard, for the paving by the square yard, and for setting curb by the lineal foot. As the city engineer had already determined how much of the grading, paving and curbing was chargeable to the city and how much to the lot owners, the bid seems to be entirely unexceptionable. The apportionment of the cost under the bid was a mere matter of arithmetical calculation.

*Fourth.* The advertisement for proposals is also said to be defective, because the statute requires the board of

public works to advertise, and the advertisement actually made was signed only by "Alexander Chapoton President." But the advertisement purported on its face to emanate from the "Board of Public Works Office;" it called for proposals to be made to that office; it stated that "bidders are required to file a satisfactory bond with the Board of Public Works" before the bids were opened, and was apparently an official advertisement by the board. The fact that it was intended as such is not questioned, and it appears to have been acted upon by the board afterwards.

The superior court was right in dismissing the bill, and the decree must be affirmed with costs.

The other Justices concurred.