## Charlotte Cuming v. City of Grand Rapids.

*Assessment for grading streets—Injunction against collection of tax.*

The right to deal with a public improvement as a whole, in assessing property benefited by it, is determined by its unity and not simply by the fact that the street through which it extends is called at different points by different names. And a resolution declaring the necessity of grading a particular street may properly include branches thereof which surround a space that lies across the way but which really constitute a part of the thoroughfare.

Error in the exercise of an undisputed power to levy an assessment cannot be presumed from ambiguous facts.

A resolution of a common council declaring the necessity of a street improvement, is not invalidated by including "the necessary bridges, culverts," etc., without specifying what is necessary, especially if it does not appear that anything is necessary beyond the improvement of the street; the resolution does not delegate authority to decide upon the necessity, as details may afterwards be settled by the council.

A charter provision that the Board of Public Works shall estimate the cost of a proposed public improvement and report it to the common council before an assessment is made therefor, is sufficiently observed if the board adopts, approves and reports to the council an estimate made by the city surveyor.

A bill to enjoin the collection of a street tax because the estimate of its cost, as submitted to the council, was in gross, should clearly negative the submission also of information in detail.

A bill in equity to restrain the collection of a tax cannot be aided by any presumption against the correctness of official action.

Whether an assessment for a public improvement is invalid because the estimate of its cost was submitted in gross and not in detail, and whether, if the estimate was adopted, any question can afterwards be raised—Q.

The cost of engineering and printing are legitimate expenses incident to a public improvement, and are properly included in the assessment therefor.

The action of a majority of a city board of equalization and review in making an assessment for the improvement of a street, is legal if all members of the board were notified of the meeting at which it was taken. Comp. L. § 2.

Where a contract refers to a plan, specifications and profile, and makes them a part of itself, and they are not given in the record, it cannot be presumed, in a suit in equity, that they do not supply apparent omissions from the contract.

Appeal from Kent.   Submitted Apr. 7.   Decided June 8.

BILL to enjoin collection of special assessment.   Complainant appeals.   Dismissal affirmed.

*John S. Lawrence* for complainant.   In proceedings to grade a street the revised charter of Grand Rapids (Act 282, Loc. Acts 1877, tit. vi. §§ 2–6) declares the following steps jurisdictional: the declaration of necessity : *Hoyt v. East Saginaw* 19 Mich. 39; *Starr v. Burlington* 45 Ia. 87; the estimate of cost; *Workman v. Chicago* 61 Ill. 467; *Myrick v. LaCrosse* 17 Wis. 442; the resolution locating the assessment: *Warren v. Grand Haven* 30 Mich. 24; the order directing the assessment, and the return; *Merritt v. Portchester* 71 N. Y. 309; jurisdiction ceases with any failure to comply with the statutory requirements: *Hopkins v. Mason* 61 Barb. 469; conditions precedent may not be omitted: Dill. Mun. Corp. § 610 n.; *Mix v. Ross* 57 Ill. 125; *Adriance v. McCafferty* 2 Rob. (N. Y.) 153; doubts of the existence of the power are determined against the municipality: Dill. Mun. Corp. § 55 n; *Minturn v. LaRue* 23 How. 435; Potter's Dwar. on Stat. 213, n 25; the empowering statute must be construed strictly: *Newell v. Wheeler* 48 N. Y. 486; *Sharp v. Speir* 4 Hill 76; *Striker v. Kelly* 2 Den. 323; a municipal council has no right to declare the necessity of grading portions of more than one street in one resolution: *Arnold v. Cambridge* 106 Mass. 352; *Wright v. Briggs* 2 Hill 79; lot owners cannot thus be made liable for

assessments to which they would not be subject if the proceedings were separate: *Thomas v. Gain* 35 Mich. 163; *Dorgan v. Boston* 12 Allen 237; *Weckler v. Chicago* 61 Ill. 149; Cooley on Taxation 441; culverts, etc., are not included by implication with the grading of a street as a portion of the same improvement: *Knox v. Yonkers* 39 Barb. 266; a municipal council cannot delegate to a board of public works its discretionary power to increase or decrease a street tax: *Foss v. Chicago* 56 Ill. 354; *Lyon v. Jerome* 26 Wend. 485; *Thompson v. Schermerhorn* 2 Seld. 92; *Chilson v. Wilson* 38 Mich. 267; *People v. St. Clair* 15 Mich. 85; *Birdsall v. Clark* 73 N. Y. 73; *In repetition of Emigrant Savings Bank* 75 N. Y. 388; *Hydes v. Joyes* 4 Bush 464; Burroughs on Taxation 482; where an improvement is for an æsthetic rather than a practical purpose the expense should rest on the general public: Cooley on Taxation 428; *Allen v. Drew* 44 Vt. 188; *In re Washington Ave.* 69 Penn. St. 363; *Louisville v. Rolling Mill Co.* 3 Bush 423; the entire board must unite in the *quasi* judicial act of determining the benefits: *Geter v. Commissioners* 1 Bay (S. C.) 354; *Ballard v. Davis* 31 Miss. 525; *Scott v. Detroit Young Mens' Society* 1 Doug. (Mich.) 119; assessments are invalid if not made by the proper persons: *Todd v. Todd* 5 Thomp. & C. 531; where illegalities appear in that portion of tax proceedings which precede the execution of the tax deed, the deed perpetuates a cloud on title for which equity gives a remedy: *Scofield v. Lansing* 17 Mich. 437; *Palmer v. Rich* 12 Mich. 414; High on Injunctions § 525.

City Attorney *William J. Stuart* and *Stuart & Sweet* for defendants. Equity will not enjoin a levy on personalty to collect a tax: *Hagenbuch v. Howard* 34 Mich. 1; though it would restrain the collection of illegal taxes which established an apparent lien on land: *Marquette, Hought. & Ont. R. R. v. Marquette* 35 Mich. 504; *Scofield v. Lansing* 17 Mich. 437; but since Act 118 of 1873 which requires the deposit of the tax in court as a preliminary to suing out an injunction the remedy is complete at law, and the tax-payer can

pay his tax under protest and sue in assumpsit to recover back the amount of the tax paid: *Detroit v. Martin* 34 Mich. 174; where an assessment is plainly illegal, and the tax void, there is no cloud caused thereby: *Curtis v. East Saginaw* 35 Mich. 508.

COOLEY, J. This is a bill in equity to enjoin the collection of an assessment for the improvement of certain portions of streets in Grand Rapids, known as Bronson street, Crescent avenue and Bostwick street, under proceedings of the common council which are supposed to be void. The bill was demurred to and dismissed, and complainant appeals. The ground of invalidity chiefly relied upon is that Crescent avenue and parts of two streets were all to be improved in a single proceeding and by a single assessment; which, it is insisted, is unauthorized by law; but there are also various minor objections.

I. It appears by the map accompanying the bill of complaint that Bronson street extends from Canal street easterly, and is intersected by Kent, Division and Prospect streets, which cross it at right angles. About half way between Kent and Prospect streets is Bostwick street, which also intersects Bronson street at right angles. Before reaching Bostwick street, Bronson street, as it extends easterly across Kent and Division, branches or divides into two circular arms, which open out and extend into Bostwick, as shown by the accompanying diagram, so that the travel along Bronson

street must go around by one of these arms, and along Bostwick street to Bronson street again. These two circular

arms of Bronson street constitute what is called Crescent street.

From the exhibits attached to the bill of complaint it appears that on February 2, 1880, the common council adopted a resolution " that the grading, graveling, and paving the gutters of Bronson street from the east side of Kent street to Prospect street, including the two circular arms of said Bronson street between Division street and Bostwick street and known as Crescent avenue in said city of Grand Rapids, including the construction of the necessary bridges, culverts, gutters, cross-walks, man-holes, catch-basins, approaches, and cesspools therein, is a necessary public improvement." This it will be perceived says nothing about the grading, etc., of Bostwick street, and treats Crescent avenue as a part of Bronson street.

On February 28, 1880, the council adopted another resolution, apparently to remedy a supposed defect in the one above given, and described therein the street or streets to be improved as " Bronson street from the east side of Kent street to Prospect street, including the two circular arms of said Bronson street between Division street and Bostwick street known as Crescent avenue in the city of Grand Rapids, and also the space between the east ends of said two circular arms to the center of that part of Bronson street east of Bostwick street and said Bronson street, thence east to Prospect street in said city of Grand Rapids."

On March 1, 1880, both the foregoing resolutions were rescinded, and a new resolution adopted of the same purport, but describing the street or streets to be improved as follows: "Those portions of Bronson street in the city of Grand Rapids included within the following limits, namely: from the east line of Kent street east to the west line of Crescent avenue, and from the west line of Bostwick street to the east line of North Prospect street in said city;" "also Crescent avenue" and "that portion of Bostwick street lying between the north line of the north portion of Crescent avenue produced easterly and the south line of the south portion of Crescent avenue produced easterly." It was

under this last resolution that the work in question was done, and the objection to it is that three or more distinct improvements were provided for by a single resolution, whereas by law each should have been provided for and made by itself.

One cannot read the three resolutions above given without perceiving that the common council regarded the work they provided for as a single improvement. In the first resolution which apparently was intended to cover all that is embraced in the third, it was not thought necessary to mention Bostwick street at all, and Crescent avenue is treated as a part of Bronson street, as for all practical purposes it is. The second resolution was a little more particular, but the idea is the same, and it is only more fully expressed, apparently from abundant caution, in the third resolution. The "necessary public improvement" intended by each was the improvement of Bronson street from Kent street to Prospect street, including the passage ways around the space embraced by the two arms known as Crescent street. This space we might infer from the map is a little park or other public ground, but the record does not explain.

It was decided in *Arnold v. Cambridge,* 106 Mass. 352, that it was not competent for the city to order the building of sidewalks on two streets and provide for the expense by a single assessment levied upon the abutting owners. It was found in that case that the statute under which the assessment purported to be made contemplated that each street was to be considered and treated by itself; and that being the case, there was no authority for making a single assessment district and a single assessment for two sidewalks. But in order to make that decision applicable it must appear that there are in fact two improvements, and not a single work only, in what is substantially a single public highway. It sometimes happens that a single street has different names for different parts; but this fact could not preclude the whole being graded or paved under a single resolution and the cost provided for by a single assessment. The unity of the work must determine the right to deal with it as a whole, and not the diversity of names that may be given to its vari-

ous parts.  We should impute absurdity to the legislature if we were to conclude that they intended under any circumstances that a single improvement should be taken up and dealt with in divisions.

In one sense the improvement in this case was apparently single.  It was the improvement of what was substantially a single avenue from one part of the city to another, but divided at one point into two, where its two branches passed around a small piece of ground.  The people along the line from end to end must have had a common interest in its improvement; and it is quite possible if not probable that the improvement of that part of the street on which they happened to live would have been of little or no importance except in connection with the improvement of the remainder. We may well suppose the improvement of a part only of Bronson street at the expense of adjacent owners would be grossly unjust when the improvement of the whole together with the connecting arms at their expense would be strictly just as well as highly beneficial.  We do not know what the fact was in this case; but the circumstance that a single party only is heard complaining is strongly indicative of the consent of the others.

If one assessment cannot be made to cover this case, then it would seem there must be four: one for each part of Bronson street, one for Bostwick street and one for Crescent avenue.  But it seems highly probable that the four assessments would overlap each other, and that what are called Bostwick street and Crescent avenue ought to be improved in part at least by owners of property east and west of them on Bronson street.  If this is so the purpose of the statute would be defeated instead of being advanced by the four assessments, and confusion would be created by the subdivision of that which the statute evidently meant should be considered as an entirety.  No doubt the council may provide for the improvement of a part of a street at a time when only a part needs improving at that time or in the way provided; but to lay several assessments at the same time for improving different parts of the same street in the same way must often be highly inexpedient.

In the case at bar the authorities have treated the improvement as a unit, and there is nothing in the record which conclusively shows that they erred. We must therefore assume that the conclusion was just. It is not disputed that they had ample power by statute to levy an assessment; and that being conceded, we cannot assume from any ambiguous facts that they erred in exercising the power. *Stockle v. Silsbee* 41 Mich. 615.

II. It is objected to the resolution declaring the necessity of the improvement that included therein were "the necessary bridges, culverts, gutters, cross-walks, man-holes, catch-basins and approaches therein and connected therewith," without specifying what were necessary, and that the effect was to delegate to those who should be entrusted with the duty of carrying out the resolution the discretion to decide upon the necessity. But the conclusion does not follow from the premises. The council declared in general terms the necessity of the work as a public improvement; but it did not undertake to settle upon the details; nor was it needful to do so in the action to be taken at that time. Details would be settled afterwards by the action of the council itself. Moreover, there is nothing in the record which shows that there were any bridges or culverts to be constructed, or anything else that was not properly incidental to the improvement of the streets; and if there were no bridges or culverts there could of course have been no delegation of power in respect to them.

III. The statute requires that an estimate of the expense of the proposed improvement shall be made by the board of public works and reported to the council before any assessment is made. The provision is as follows: "When the common council of said city decide that the construction of any public work in said city is a necessary improvement, the board of public works, with all convenient dispatch, shall determine as to the particular kind and quantity of materials to be used therefor, and estimate the probable cost and expense of such work, and of the material to be used in detail, and cause to be prepared, so far as necessary, plans and

specifications for such work, and report their estimate to the common council as a basis for assessing or otherwise raising, according to law, the funds necessary to enable the board to go forward and complete such work." Laws 1873, vol. 3, p. 57.

The bill states that, as appears by the minutes of the common council, at a regular session held April 12, 1880, the board of public works reported an estimate as follows:

"GRAND RAPIDS, MICHIGAN, April 10, 1880.

*To the Hon. Board of Public Works :* GENTLEMEN— I submit herewith the estimate of cost for the improvement of Bronson street and Crescent avenue, as follows:

| | |
|---|---:|
| Contract price, - - - - - - | $14,500 00 |
| Assessment, engineering, printing, etc., - - | 450 00 |
| Total, - - - - - - | $14,950 00 |

Respectfully submitted,

A. C. SEKELL, City Surveyor.

Estimate of cost. Improvement of Bronson street and Crescent avenue.

Approved by the board of public works, and ordered certified to the council.

*April* 10, 1880.

GEORGE W. THAYER, Pres't."

The bill does not negative the making or reporting of any further or other estimate.

Three objections are taken to this estimate:

1. That it is the estimate of the surveyor, and not of the board. But the board adopted, approved and reported it, and that was sufficient. It was very proper for the board to make use of the surveyor's services in preparing it.

2. That the estimate was made in gross, and not in detail. If the paper above given was all that was reported, this objection, as matter of fact, appears to be well taken. Whether in that case it is fatal is another question. The board of public works must undoubtedly make a detailed estimate, but there is much reason for contending that if only the sum total is reported to the council, and that body sees fit to act upon it, the objection cannot be taken afterwards. The estimate is for the information of the council, to enable that body to determine how much money shall be

raised; and if they have the sum total and act upon it without calling for further particulars, it may well be urged that the question is precluded. But we do not decide that point in this case, because the bill does not negative the submission of detailed information.. It is perfectly consistent with the bill and with this paper that details may have been submitted by the board with the summary which they handed in, or that there may have been a further report besides the one given. Indeed some of the subsequent proceedings would indicate this; for while the paper given names Bronson street and Crescent avenue only, in a subsequent resolution of the council an estimate is referred to as covering the whole improvement proposed to be made, The omission in the foregoing paper of all reference to Bostwick street may have been accidental, but in support of a bill in equity to restrain the collection of taxes we can make no presumption against the correctness of official action.

3. It is objected that the estimate includes the cost of engineering and printing. But these were legitimate expenses, incidental and necessary to the assessment, and were properly included. *Beniteau v. Detroit* 41 Mich. 116.

IV. Several objections are taken to the resolution of the common council establishing an assessment district, but they are very technical, and require no special attention. The assessment is objected to on more plausible grounds. The resolution of the council directing an assessment contained the following clause : " And that the board of review and equalization of the city of Grand Rapids, who by the charter of said city are constituted commissioners for that purpose, be and they are hereby directed to make said assessment upon all the owners or occupants of lands and houses within the district aforesaid, in proportion, as nearly as may be, to the advantage which shall be deemed to accrue by the making of such improvement, and that the said commissioners meet for the purpose of making said assessment on Tuesday, the 27th day of April, 1880, at ten o'clock in the forenoon, at the office of the city clerk." The report made in pursuance of this resolution was made by two of the members of

the board, who make and subscribe it as "a majority of the board of review and equalization of the city of Grand Rapids, and the commissioners named in the annexed order and subscribing the annexed assessment roll." There is no doubt a majority of the board had the right to act, and that their action is legal if all were notified of the meeting. Comp. L, § 2. The bill relies upon the fact that the report on its face purports to be that of a majority only; but as this may be correct it is manifest that no illegality is shown by the mere fact that one of the board does not unite in the action.

V. It is further objected that the contract which was let was a contract "to improve Bronson street and Crescent avenue" only; and it is true as set out in the bill the contract does not mention Bostwick street. But the contract refers to accompanying plan, specifications and profile, and makes them a part of itself; and these are not given. With them the contract was probably complete; but if not, we do not know the fact.

Other objections are taken, but we find none that is substantial. The decree of the court of chancery dismissed the bill, and it must be affirmed with costs.

The other Justices concurred.