### DUFFY *v.* CITY OF SAGINAW.

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ADVERTISING FOR BIDS.

   A city charter provided that, when the making of a public improvement should have been determined upon, the board of public works should advertise for proposals for furnishing the material and for the performance of the work. No time was fixed for which the publication should continue. An improvement having been ordered by the council, the board instructed its clerk to "advertise for proposals" until a certain date, but the first publication was not made until three days after such direction had been given. *Held*, that the board, by receiving bids at the time specified, would be presumed to have ratified the action of the clerk, and determined that the advertisement was for a sufficient period.

2. SAME—DETAILED STATEMENT OF COST—VALIDITY OF ASSESSMENT.

   Where the common council of a city, pursuant to the charter, has declared what proportion of the expense of making a public improvement shall be defrayed by an assessment upon the lands benefited thereby, and the board of public works has reported to the council an estimate in detail of the probable cost and expense of the improvement, a further provision requiring said board, after the improvement has been completed, to certify to the council "a detail statement of the cost of such improvement, showing the amount to be assessed upon the property benefited," is sufficiently complied with by the submission of a statement showing the amounts in gross to be paid by the city and by the property owners, respectively, by reason of the improvement.

3. SAME—CERTIFICATION OF ROLL BY BOARD OF PUBLIC WORKS— CONFIRMATION BY COUNCIL—ENJOINING COLLECTION OF ASSESSMENT.

   A certificate attached to a special assessment roll required to be made by the board of public works was signed by the presi-

dent and attested by the secretary of the board, they being authorized thereto by resolution spread upon its records. *Held*, that, even if such a certification were insufficient under the charter, which provided that the *board of public works* should certify to the roll, equity would not, for this reason, enjoin the collection of the assessment, at the suit of one who made no objection to the subsequent confirmation of the roll by the common council, though afforded an opportunity to be heard thereon.

Appeal from Saginaw; Wilber, **J.** Submitted May 8, 1895. Decided September 26, 1895.

Bill by James Duffy and others against the city of Saginaw and Henry Melchers, city treasurer, to cancel a paving assessment. From a decree for complainants, defendants appeal. Reversed.

*James H. Davitt*, for complainants.

*William G. Gage*, for defendants.

McGRATH, C. J. This is a bill to cancel a paving assessment upon three grounds: *First*, that there was no legal advertisement for bids before letting the contract; *second*, that no detail estimate of the cost of the improvement was certified to the council; *third*, that the certificate of the board of public works to the assessment roll is not valid, because it was not signed by the members of such board.

Section 3, tit. 13, of the charter provides that the board of public works "shall advertise for proposals for the furnishing of material and for the performance of such work." Local Acts 1889, p. 946. The time is not fixed by the charter. The records of the board show that on Monday, the 27th day of June, 1892, the board met, and ordered the clerk to "advertise for proposals until 12 o'clock noon, Saturday, July 9, 1892." The testimony shows that the advertisement actually made was published in the official newspaper, but that it was not published on the 28th or 29th of June, but

appeared for the first time in the issue of June 30th. There is no force in this objection. The time for which the publication should be made was a matter for the determination of the board. The board received the bids, and must be presumed to have ratified the action of the clerk, and determined that the advertisement was for a sufficient period. *Updegraff* v. *Palmer*, 107 Ind. 181; *Taber* v. *Ferguson*, 109 Ind. 227; *Beniteau* v. *City of Detroit*, 41 Mich. 116.

Section 5 of title 6 of the charter provides that when the improvement is completed, or as soon thereafter as may be convenient, the board of public works "shall prepare a detail statement of the cost of such improvement, showing the amount to be assessed upon the property benefited as provided by the resolution ordering the said improvement." Local Acts 1891, p. 402. Section 6 provides that "the same shall be certified to the common council, and, when such statement shall have been approved by the common council, the same shall be certified to the board of public works, who shall proceed without unnecessary delay to make an assessment," etc.

The statement submitted contained the following details:

| Name of Street. | Between What Points, Western Dist. | Kind of Improvements. | Paid by High-way Fund. | Paid by Property Benefited. | Total Cost. |
|---|---|---|---|---|---|
| State. | Michigan to Bond. | Paved with cedar and cobble. | $2,079.84 | $5,493.83 | $7,573 67 |

The common council, at its next meeting, approved the statement, and instructed the board to make the assessment.

The charter, in section 3, tit. 13, provides that, whenever the council shall have decided upon making an improvement, the board of public works shall estimate in detail the probable cost and expense of such work and of the material to be used therein, shall make a record thereof in their office, and shall report such estimate to the council. This was done; the bids were reported to the council; and the contract for the work authorized by the common council. The council had, under section 5 of title 6 of the charter, in the resolution ordering the improvement, directed that the entire cost of the improvement, except the intersections, should be defrayed by an assessment upon the lands to be specially benefited thereby.

The facts bring the case within the rule laid down in *Goodwillie* v. *City of Detroit*, 103 Mich. 283. The cost of the intersections was payable out of the highway fund, and it may be said that the charter only requires that the statement shall be so far in detail as to show the amount to be assessed upon the property benefited.

As to the certificate of the board of public works to the assessment roll, the records of the board show the adoption of a resolution determining and certifying that it has made the assessment as set forth in the roll, and authorizing the president "to sign, and the clerk to attest and seal, the foregoing certificate." The certificate concluded as follows:

"In testimony whereof, said board has subscribed this certificate by its president, and duly authorized and caused the seal of said board to be affixed, and the clerk of said board to attest the same, at Saginaw, this 25th day of March, A. D. 1893.

"THE BOARD OF PUBLIC WORKS OF THE CITY OF SAGINAW, MICHIGAN.

"By B. B. BUCKHOUT,
"President of said Board.

*"Attest:* ALFRED DAVIES,
"Clerk of Said Board of Public Works."

The charter provides for the organization of the board; for the election of one of their number as president; that the city clerk shall be the clerk of the board; and that it shall keep a record of its proceedings, which shall be open to public inspection. .Local Acts 1889, pp. 945, 947. But this roll does not become operative upon this certification. It is then filed with the city clerk, whose duty it is to report the same to the common council. That body thereupon gives notice by publication to all parties interested, reciting the names on said roll, that the council will, at a time stated, hear objections to and appeals from said assessment. Provision is then made for the hearing of all persons, and the council "may rectify and amend the said assessment in whole or in part, or may set the same aside and direct a new assessment," or may confirm with or without corrections. And then follows this provision: "Every assessment roll so.ratified and confirmed shall be final and conclusive, and, within five days after the confirmation thereof, the controller shall deliver the same to the treasurer." Upon delivery of such roll to the treasurer, the tax becomes a lien upon the property. Local Acts 1889, p. 922; Local Acts 1891, pp. 402, 403. The fact of confirmation by the council is indorsed upon the roll, and attested by the clerk.

We think the certification was sufficiently attested; but, in any event, the case is not one calling for the intervention of a court of equity. The assessment is in all other respects a valid one. Complainants had an opportunity to be heard thereon before the council. They did not avail themselves of that opportunity. Section 28, tit. 6, of the charter provides that the council, in case an assessment shall be deemed invalid, may vacate the same, and when so vacated, or when it has been held invalid by a court, the council may cause a new assessment to be made. 'Local Acts 1889, p. 927; *Sinclair* v. *Learned,* 51 Mich. 335.

The decree below is reversed, and the bill dismissed, with costs to defendants.

The other Justices concurred.