MARGARET BURNS v. CITY OF DULUTH.[1]

October 27, 1905.

Nos. 14,501—(64).

**Assessment for Local Improvement.**

Under the express provisions of a city charter authorizing the collection of a percentage to cover expenses of making survey, plans, specifications, and superintendence, the actual expenses of such items were included in local assessment. The assessment was not thereby rendered illegal, as involving double taxation, because the amount thus collected went into a special revolving fund used for convenience in making local improvements and largely supported by local assessments, while the actual expenses of these items were in fact defrayed out of another fund supported exclusively by general taxation. Property owners paid no more than they should have paid and enjoyed the use and benefit of the accumulation in the revolving fund.

Margaret Burns appealed to the district court for St. Louis county from an assessment of $346.37 levied upon her property by the board of public works of Duluth for the paving of Superior street. The case was tried before Cant, J., who found that the assessment should be reduced to $320.61 and that plaintiff was entitled to the return of the excess, and to payment of her disbursements on the appeal. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Roger S. Powell,* for appellant.

*Bert Fesler,* for respondent.

JAGGARD, J.

The city of Duluth levied assessments upon the property of appellant and of other objectors for the contract price of a local improvement, and

[1] Reported in 104 N. W. 714.

also ten per cent. of the contract price to cover "the expense of making survey, plans, specifications, and superintendence" of the work. The actual expenses of these items were found to be $823.06. The ten per cent. levied amounted to $3,743.86. The trial court cut out so much of the ten per cent. levied as was in excess of what was found to be the actual expense. The contention of the appellant in this case was that the entire ten per cent. levied was made without any warrant of law and that every dollar collected thereunder amounted to double taxation. The basis of this contention was that the special expenses referred to. were paid out of a fund known as the "Public Works Fund," created by taxation on the general lists: that the money collected by the assessment went into a "'Permanent Improvement Revolving Fund," not supported by general taxation, but only by local assessment upon specially benefited property. The appellant further insists that no part of the money which is paid into this revolving fund could be used to pay the items of expense thus collected upon local assessments; that there is no power or authority anywhere lodged by which the money could be transferred from the permanent improvement revolving fund into the public works fund, or to any other general tax fund; that under section 306 of the charter no money belonging to any separate fund could be borrowed or diverted by any means or by any municipal authority for the use of any other fund. The proviso to that section expressly denies the power of the council to transfer to the fund designated for the payment of the public debt "funds collected on account of special assessments."

It is not necessary for us here to decide whether or not double taxation of such a kind would be illegal, for no case of double taxation is made out in fact. The property owners under the final order of the court are not charged an amount in excess of the proper definition of the costs of the improvement. City of St. Paul v. Mullen, 27 Minn. 78, 6 N. W. 424; Gibson v. City, 22 Ill. 566; Dashiell v. Mayor, 45 Md. 615; Beniteau v. City, 41 Mich. 116, 1 N. W. 899; Cuming v. City, 46 Mich. 150, 9 N. W. 141; State v. Town of Guttenberg, 38 N. J. L. 419; Porter v. Purdy, 29 N. Y. 106; In re Merriam, 84 N. Y. 596; In re Pelton, 85 N. Y. 651; In re Johnson, 103 N. Y. 260, 8 N. E. 399. Under the express provision of the Duluth charter no question of construction or doubt as to the sufficiency of the language used to impose

the expenses of surveys, plans, specifications, and superintendence arises, as in Longworth v. City, 34 Oh. St. 101, 113; Smith v. City, 25 Ore. 297, 304, 35 Pac. 665; In re Fifth Ave. Sewer, 4 Brewst. 364, 369, 370.

The objectors have no ground of complaint based upon the management of its own funds by the municipality. The moneys which these property owners contributed may accumulate in the permanent improvement fund. The city council had authority under another section of the charter, not necessarily inconsistent with section 306, to turn the surplus into a general tax fund, viz., the sinking fund. In case, however, it should fail so to do, or in case it had no such power, the money contributed by the objectors would remain in the revolving fund for public use. The city reasonably might raise moneys, as in fact it had done, by bond issue or otherwise, to keep money in this fund, thereby, inter alia, to enable it to make advantageous contracts by the certain promise that prompt payment would be made for the improvements in advance of the collection of the resultant local assessments. The payment of a less sum in general taxes followed alike, whether the money was transferred to the sinking fund or remained in the revolving fund. It was not made to appear that the surplus remaining in the revolving fund could ever be used in any assessment for any subsequent improvement of this or any other property, by applying the amount of such accumulation or any part thereof to the costs of the improvement, or so as to decrease the amount which could be collected therefor. Such accumulation was used by the public authorities for public purposes. The objectors, therefore, paid no more than they should have paid, and enjoyed the use and benefit of the accumulation in the revolving fund.

Judgment affirmed.