STATE v. DULUTH & IRON RANGE RAILROAD COMPANY.

October 23, 1899.

Nos. 11,720—(17).

**Railway—Gross-Earnings Tax—Constitution—State v. Stearns Followed.**

Sp. Laws 1873, c. 111, providing that railroads accepting that act should pay a gross-earnings tax in lieu of all other taxation on their property, is unconstitutional, so far as it is repugnant to the constitutional amendment of 1871 (section 32a, art. 4); and, as that amendment reserves the right to amend or repeal all such gross-earnings laws, the railroads, in accepting said chapter 111, did not acquire any contract right that such method of taxation should never be changed. State v. Stearns, 72 Minn. 200, followed.

**Land Grant of D. & I. R. Railway—Exemption from Taxation.**

The provision in Sp. Laws 1875, c. 54, exempting from taxation for five years the lands granted to the Duluth & Iron Range Railroad Company to aid in the construction of its road, is also unconstitutional, so far as it is repugnant to said constitutional amendment of 1871; and after Laws 1895, c. 168, took effect, the lands were taxable from and after the time the patent issued.

In proceedings to enforce payment of delinquent real estate taxes for 1897, defendant interposed an answer. The case was tried before Moer, J., who found in favor of plaintiff, and certified to the supreme court certain points for its determination. Affirmed.

*W. B. Phelps* and *Charles C. Teare*, for plaintiff.

*Davis, Hollister & Hicks, Henry J. Grannis*, and *Davis, Kellogg & Severance*, for defendant.

77 M.—28

The land-grant legislation, acceptance by the railroad company, its compliance with the terms, and conveyance by the state to it created a contract that the lands should not be subject to taxation for five years after the conveyance, unless previously sold or disposed of. The state may make such a contract. Cooley, Const. Lim. 280; Fletcher v. Peck, 6 Cranch, 87; State v. Wilson, 7 Cranch, 164; Jefferson Branch Bank v. Skelly, 1 Black, 436; Farrington v. Tennessee, 95 U. S. 679; McGee v. Mathis, 4 Wall. 143; Gordon v. Appeal Tax Court, 3 How. 133; Van Hoffman v. City of Quincy, 4 Wall. 535; Chicago v. Sheldon, 9 Wall. 50; Wilmington R. v. Reid, 13 Wall. 264; Humphrey v. Pegues, 16 Wall. 244; Asylum v. New Orleans, 105 U. S. 362. See also First Div. St. P. & P. R. Co. v. Parcher, 14 Minn. 224 (297); State v. Winona & St. P. R. Co., 21 Minn. 315; Chicago, M. & St. P. Ry. Co. v. Pfaender, 23 Minn. 217; City of St. Paul v. St. Paul & S. C. R. Co., 23 Minn. 469; County of Stevens v. St. Paul, M. & M. Ry. Co., 36 Minn. 467; State v. Luther, 56 Minn. 156; State v. Stearns, 72 Minn. 200; County of Traverse v. St. Paul, M. & M. Ry. Co., 73 Minn. 417.

The legislature had authority to make the contract of exemption, unless the constitution in terms restrained it from so doing. No such prohibition existed. People v. Auditor, 7 Mich. 84; City of St. Paul v. St. Paul & S. C. R. Co., supra. The state having deeded the lands pursuant to the grant and having for many years refrained from taxing them, this practical recognition by the legislative and executive departments is entitled to weight. State v. Luther, supra; County of Traverse v. St. Paul, M. & M. Ry. Co., supra; State v. Winona & St. P. R. Co., supra; City of St. Paul v. St. Paul & S. C. R. Co., supra; State v. County, 19 Ark. 360; McGee v. Mathis, supra; Wisconsin v. Taylor, 52 Wis. 37; State v. Commissioner, 37 N. J. L. 240; Francis v. Atchison, 19 Kan. 303; Illinois v. County, 17 Ill. 291; City v. Portland, 67 Me. 135; Louisiana v. City, 24 La. An. 86; McHenry v. Alford, 168 U. S. 651; Mississippi v. Cook, 56 Miss. 40; State v. North, 27 Mo. 464.

Laws 1895, c. 168, attempting in general terms to repeal all laws exempting railroad lands from taxation, impairs the obligation of the contract, and violates the constitution of the United States and of the state in that regard. Fletcher v. Peck, supra; Van Hoffman

v. City of Quincy, supra; McGee v. Mathis, supra; State v. Wilson, supra; Farrington v. Tennessee, supra. The United States supreme court will not be bound by the decisions of a state court as to whether a contract protected by the constitution exists. Jefferson Branch Bank v. Skelly, supra; McCullough v. Virginia, 172 U. S. 102, 109. The acceptance by the railroad company of the Taylor's Falls act and payment of taxes on its gross earnings ever since, created a contract with the state that such gross-earnings tax should be in lieu of all other taxation. Whether there was a contract and whether it has been impaired are questions for the federal court, though in deciding them it may be necessary to construe the state law and constitution. Columbia Water P. Co. v. Columbia Electric St. Ry. L. & P. Co., 172 U. S. 475, 487; McCullough v. Virginia, supra. The supreme court of the United States passed on this question in McHenry v. Alford, 168 U. S. 651. No question of exemption of property is involved. City of St. Paul v. St. Paul & S. C. R. Co., supra; State v. Luther, supra. The constitutional amendment of 1871 validated the Taylor's Falls act. The state could not impair the contract by subsequent legislation, unless authority was reserved. If there was any reservation, it was not broad enough to authorize taxation of railroad lands by one method and of other railroad property by another, as was attempted by Laws 1895, c. 168. If any change was authorized it was to repeal the whole gross-earnings tax law, or to change it as applied to all the property of the railroad companies, lands included. First Div. St. P. & P. R. Co. v. Parcher, supra; Chicago, M. & St. P. Ry. Co. v. Pfaender, supra; County of Stevens v. St. Paul, M. & M. Ry. Co., supra; County of Traverse v. St. Paul, M. & M. Ry. Co., supra; Ferris v. Vannier, 6 Dak. 186; Northern v. Barnes, 2 N. D. 310, 332; Kittanning v. Com., 79 Pa. St. 100; State v. Runyon, 41 N. J. L. 98; City v. Kaufman, 29 La. An. 283; Wisconsin v. Taylor, supra; Trustees v. State, 46 Iowa, 275; State v. North, supra; Mississippi v. Cook, supra; Illinois v. County, supra; Francis v. Atchison, supra.

CANTY, J.

The delinquent list of real-estate taxes assessed in St. Louis

county in 1897 included many parcels of real estate owned by the Duluth & Iron Range Railroad Company. The list was filed in the clerk's office, and application made for judgment against the lands. Thereupon the railroad company interposed an answer. On the trial of the issues thus raised, the court below found against the railroad company on every point, and certified all of the points to this court.

The railroad company was organized under the general laws of this state. Thereafter, by Sp. Laws 1875, c. 54, the legislature granted to it certain lands to aid in the construction of its railroad. The act contains this clause:

"Provided, That none of the lands hereby granted shall be subject to taxation until the expiration of five years from the issuance of the patent by the state, unless previously sold or disposed of by said railroad company."

When the 1897 tax was assessed and levied, the patents had been issued for the lands here in question, but had not been issued five years prior to such assessment or levy. These lands were granted by congress to the state to aid in the construction of public improvements, and were held by the state in trust for that purpose. Various acts were passed between 1875 and 1885 extending the time for the completion of its road by the railway company. It commenced the construction of the same in 1883, and completed it in December, 1886. By Sp. Laws 1873, c. 111, the legislature provided that the St. Paul, Stillwater & Taylor's Falls Railroad Company should pay a certain gross-earnings tax in lieu of all other taxation on its railroad and appurtenances, and on all other property, "including the lands granted to said company to aid in the construction of its said railroad." The act further provided that any other railroad company then or thereafter owning or operating a railroad within this state could, by resolution of its board of directors filed with the secretary of state, accept, and become subject to the provisions of, the act. The board of directors of the Duluth & Iron Range Railroad Company passed such a resolution, which was filed with the secretary of state June 3, 1884.

By Laws 1895, c. 168, the legislature provided for submitting the provisions of the act to a vote of the people, by which provisions

it is declared that all such railroad lands shall be subject to taxation. In State v. Stearns, 72 Minn. 200, 75 N. W. 210, we held that the act was duly passed and properly submitted, and was duly ratified by popular vote pursuant to the 1871 amendment to the constitution, known as section 32a, art. 4. Counsel for the railway company contend that said chapter 168 is unconstitutional because it impairs the obligation of the contract made between the state and such railway company by said chapter 111, and the resolution adopted and filed pursuant thereto. This contention was completely disposed of in the above-mentioned decision, and it is unnecessary to say anything further on that point.

Counsel further contend that chapter 168 is unconstitutional because it impairs the obligation of the contract made between the same parties by said chapter 54. This question, also, is substantially disposed of by State v. Stearns, and all of the reasons given in that case apply here. Under the provisions of our constitution requiring uniformity of taxation, and requiring all property, except certain specified exemptions, to be assessed for taxation according to its true value in money, the legislature had no power to pass a gross-earnings law, except as permitted by said constitutional amendment of 1871. True, these lands were conveyed for a public purpose; and it may be conceded that, in the absence of constitutional provisions prohibiting it, the legislature might, in aid of such purpose, have granted the lands exempt from taxation. But we are of the opinion that, under our constitutional provisions requiring uniformity of taxation, the legislature cannot, even in aid of a public purpose, make an irrevocable contract exempting private property from future taxation, because, even if it is admitted that thereby the legislature did nothing more than anticipate such future taxes, and apply them in advance to a specific public purpose, still it is impossible for the legislature to tell at present what in such a case will be uniform taxation in the future, or that by such arrangement such property will bear its just and equal share of such future taxation.

The order and judgment of the court below are affirmed.