STATE v. DULUTH & NORTHERN MINNESOTA RAILWAY COMPANY.[1]

July 19, 1907.

Nos. 15,138—(14).

**Increase of Gross Earnings Tax.**

Chapter 253, p. 375, Laws 1903, increasing the gross earnings tax of railroad companies to four per cent., applies to the defendant railroad company. It was legally submitted to the electors, and it is a constitutional and valid law.

Action in the district court for Ramsey county to recover $3,906.66, the unpaid balance of a sum equal to four per cent. on the gross earnings of defendant's railroad for the year 1905. Plaintiff demurred to the answer, and from the order, Hallam, J., sustaining the demurrer, defendant appealed. Affirmed.

*L. C. Harris,* for appellant.

*Edward T. Young,* Attorney General, and *Royal A. Stone,* Assistant Attorney General, for the State.

START, C. J.

This is an appeal from an order of the district court of the county of Ramsey sustaining the general demurrer of the state to the answer of the defendant. The defendant is, and has been since May 31, 1898, a railway corporation duly organized under the general laws of this state, and since its organization it has operated a railroad within the state. It elected to and did pay as taxes a percentage of its gross earnings for the years 1899 to 1901, inclusive, at the rate of one per cent., and for the years 1902 to 1904, inclusive, at the rate of two per cent., as provided by sections 1 and 2 of chapter 111, p. 302, Sp. Laws 1873. The defendant paid to the state two per cent. of its gross earnings for the year 1905 as taxes for that year, which the state accepted as a partial payment of its taxes, and demanded that it pay four per cent. of its gross earnings as taxes for that year, pursuant to Laws 1903, p. 375, c. 253. This was refused, and the state brought this action to recover the balance, $3,906.66, claimed to be due for

[1] Reported in 112 N. W. 897.

the taxes of 1905. If chapter 253 applies to the defendant, and is valid, the defendant must pay the four per cent. gross earnings tax, and its answer stated no defense to this action.

1. The defendant's first contention is to the effect that the four per cent. gross earnings act (chapter 253, Laws 1903) does not apply to it, because the act applies only to railroads which were paying a tax of three per cent. on their gross earnings at the time it was ratified by the electors; therefore the defendant is not liable for the four per cent. tax, as it was paying only two per cent. when the act was ratified. If the premises of this proposition are correct, the conclusion necessarily follows. The question, then, is whether the act applies only to railroads which were paying three per cent. on their gross earnings.

A brief reference to the existing laws at the time the act was passed by the legislature will assist in the solution of the question. The original statute on the subject, excluding the provisions contained in the special charters granted railroad companies before the adoption of the state constitution, is Sp. Laws 1873, p. 302, c. 111, which provided that the railroad company therein named, and any other railroad company which should accept the benefit of the statute as therein provided, should annually pay one per cent. during the first three years of its existence, two per cent. for the next seven years, and three per cent. thereafter, on its gross earnings, in lieu of all other taxation of its property used for railroad purposes. It is to be noted that every railroad company availing itself of the benefits of this act would pay ultimately three per cent. on its gross earnings, or, in other words, the three per cent. rate was the general rule of taxation for all railroads. In 1871 our state constitution was amended (article 4, § 32a) so as to require that any statute providing for the repeal or amendment of any law requiring any railroad company existing in this state to pay a percentage of its gross earnings in lieu of all other taxes or assessments, before taking effect, should be submitted to a vote of the people of the state, and be adopted and ratified by a majority of the electors voting at the election at which the same should be submitted. It follows that the provisions of Sp. Laws 1873, p. 302, c. 111, and of Laws 1887, p. 67, c. 11, declaring that any rail-

road company which had not or should not accept and become subject to the provisions of Sp. Laws 1873, p. 302, c. 111, should be liable to pay a gross earnings tax as in that chapter provided, are unconstitutional, so far as they are repugnant to the constitutional amendment of 1871 (State v. Stearns, 72 Minn. 200, 75 N. W. 210; State v. Duluth & Iron Range R. Co., 77 Minn. 433, 80 N. W. 626) ; and, further, that the defendant never acquired any vested right to pay only the percentage of its gross earnings in lieu of other taxation fixed by statute prior to the adoption of the gross earnings tax law of 1903, even if it should be conceded that there are railroad companies in the state which have acquired such right—a question as to which we are not to be understood as intimating any opinion.

Now, if chapter 253, p. 375, Laws 1903, here in question, be read in connection with the then existing statutes as to the payment of a gross earnings tax by railroad companies organized under the general laws of the state, its meaning is perfectly clear. Section 1 thereof provides that:

> Every railroad company owning or operating any line of railway situated within, or partly within, this state, shall during the year 1905, and annually thereafter pay into the treasury of this state in lieu of all taxes and assessments * * * a sum of money equal to four (4) per cent. of the gross earnings derived from the operation of such line of railway within this state. * * *

> Sec. 3: All acts and parts of acts inconsistent with the provisions of this act are hereby repealed.

> Sec. 6: * * * The Secretary of State shall cause to be printed in bold type upon the ballot used in voting for state officers or upon a separate ballot, if so provided by law at the said election, in manner conformable with the requirements of the general election law, the words: "For increasing the gross earnings tax of railroad companies from three to four per cent. Yes...... No.......

It is claimed by the defendant that this act of 1903 does not repeal the provisions of the prior statutes for the payment of one and two

per cent. on the gross earnings of railroads for a limited time, for the reason that it only purports to amend the existing statutes with reference to the three per cent. provision thereof. The statute does not so read. On the contrary, its clear and specific mandate is that every railroad company shall during the year 1905 and annually thereafter pay a sum of money equal to four per cent. of its gross earnings in lieu of other taxes and assessments of property used for railroad purposes, and that all acts and parts of acts inconsistent with this mandate shall be repealed. This language leaves no room for construction or the application of rules adopted for the purpose of aiding in ascertaining the meaning of a statute when its true meaning is in doubt. See, however, State v. Western Union Telegraph Company, 96 Minn. 13, 104 N. W. 567. It is perfectly obvious from a mere reading of this statute, and we so hold, that it was intended to and did repeal all classifications of railroad companies in the matter of taxation, and requires each and all of them to pay four per cent. on their gross earnings.

Counsel for the defendant insists that the form prescribed by section 6 of the act for its submission to the electors conclusively indicates the intention of the legislature to limit the operation of the act to railroads paying three per cent. of their gross earnings. This provision is no part of the enacting clause of the statute, whereby the legislature declared its purpose and will as to what railroads should pay four per cent. of their gross earnings, and the form of the submission cannot overrule the clear mandate of the enacting clause, whatever relevancy it may have to the question of the validity of the act.

2. This brings us to the question of the validity of the act. The claim of the defendant in this connection is that, if the act of 1903 by its terms applies to any other railroads than those which were paying three per cent. of their gross earnings then it is unconstitutional and void, because it was not properly submitted to the people, for the reason that the language used was misleading. This is a question of great importance; for, if the contention is correct, no railroad company in the state is liable for the four per cent. rate. The constitution (article 4, § 32a) required that the act should be submitted to the

electors, and ratified and adopted by them, before it should go into effect. But the constitution prescribed neither the form nor the manner of submitting the act. These are left to the judgment and discretion of the legislature, subject only to the implied limitation that they must not be so unreasonable or misleading as to be a palpable evasion of the constitutional requirement to submit the act to a popular vote. The courts cannot review the judgment and discretion of the legislature in prescribing the form and substance of the question to be submitted, simply because they may be of the opinion that the question was not phrased in the best or fairest terms. On the contrary, they can only declare the submission void when the question is so framed as to be a palpable evasion of the constitution. Nor can one legislature bind its successor in this respect. State v. Stearns, supra.

It may be conceded that the simplest and fairest form of the question submitted would have been this: "For increasing the gross earnings tax of railroad companies to four per cent." But the insertion of the words "from three" after the word "companies" does not indicate any purpose to mislead the voter or to evade the requirement of the constitution. At the time this form of submission was adopted, nearly all of the railroads of the state were paying the three per cent. rate, and the ultimate and general rate fixed for all of them was three per cent.; hence it was not inappropriate, although unnecessary, to indicate in the question submitted that the increase was from three per cent., the ultimate rate for all railroads if the existing law should not be changed. The clear and essential purpose of the act was to increase the gross earnings tax of all railroads to four per cent., and this purpose was fairly expressed in the question submitted. We hold that the act was legally submitted, and that it is constitutional.

Order affirmed.