## STATE v. EDWARD C. HAGLIN.[1]

January 28, 1944.

No. 33,633.

*J. A. A. Burnquist,* Attorney General, and *Charles P. Stone* and *Philip F. Sherman,* Special Assistant Attorneys General, for the State.

*Best, Flanagan, Rogers, Lewis & Simonet,* for respondent.

MAGNEY, JUSTICE.

The state appeals from an order sustaining a demurrer to the following short complaint:

"That defendant heretofore filed with the Commissioner of Taxation of the State of Minnesota a return of his income for the year 1936; that no claim is made by the State of Minnesota for the tax, if any, shown due upon the face of said return; that after said return was filed and on or about November 1st, 1938, the Commissioner of Taxation, after duly auditing said return of the taxpayer, found and determined that the taxpayer was indebted to the State

1Reported in 13 N. W. (2d) 6.

of Minnesota for an additional income tax for said year 1936, in the amount of $462.10, and duly assessed a tax in said amount; that defendant failed to pay said additional tax when due, and as a result thereof, a penalty attached thereto in the amount of $10.00, and interest has accrued on said unpaid tax in the sum of $113.80, calculated to January 15, 1943, that although the Commissioner of Taxation has demanded payment of said additional tax, together with penalty and interest thereon, from the defendant before the commencement of this action, no part thereof has been paid.

"WHEREFORE, * * *"

This action is brought under Minn. St. 1941, §§ 290.48, subds. 5 and 8, and 290.54 (Mason St. 1940 Supp. §§ 2394-45[e, h] and 2394-48). Section 290.48, subd. 5, reads:

"In addition to all other methods authorized for the collection of the tax, it may be collected in an ordinary action at law or in equity by the state against the taxpayer."

Subdivision 8 provides:

"The tax, as assessed by the commissioner, with any penalties included therein, shall be presumed to be valid and correctly determined and assessed, and the burden shall be upon the taxpayer to show its incorrectness or invalidity. The statement filed by the commissioner with the clerk of court, as provided herein, or any other certificate by the commissioner of the amount of the tax and penalties as determined or assessed by him, shall be admissible in evidence and shall establish prima facie the facts set forth therein."

Section 290.54 provides in part as follows:

"The tax imposed by this chapter, and interest and penalties imposed with respect thereto, shall become a personal debt of the taxpayer from the time the liability therefor arises, irrespective of when the time for discharging such liability by payment occurs."

The only question involved on this appeal is whether the complaint states facts sufficient to constitute a cause of action. The trial court sustained the demurrer, basing its decision on these

grounds: (1) Unless the complaint can be sustained as a pleading under the common count rule, it alleges a mere conclusion; and (2) the complaint cannot be sustained as a pleading under the common count rule because that rule has never been applied to an action for the collection of taxes.

Under § 290.48, subd. 5, *supra,* collection is authorized by means of an ordinary action at law by the state against the taxpayer. The complaint under scrutiny contains in substance these allegations: That defendant filed an income tax return for the year 1936; that, after duly auditing the return, the commissioner of taxation found and determined that defendant was indebted to the state for an additional tax for the year 1936; that he duly assessed such additional tax; and that no part of such tax with penalty and interest has been paid, although demanded. Defendant contends that the complaint alleges a mere conclusion of law and is therefore insufficient.

In Webb v. Bidwell, 15 Minn. 394, 398 (479, 484), the court stated:

"* * * the allegation that such taxes were 'duly levied and assessed,' is a sufficient averment of the assessment of such taxes, and under this form of allegation, if issue is taken thereon, proof of all the acts constituting the *assessment* of the tax, and essential to its validity, is admissible."

Whether that statement be dictum or not, we think it correctly states the law, and that the averments in the complaint that, after duly auditing the return, the commissioner found and determined that defendant was indebted to the state for an additional tax and that he duly assessed such additional tax are sufficient as against demurrer. This is clearly so in view of the statutory provision in subd. 8 that "the statement filed by the commissioner with the clerk of court, as provided herein, or any other certificate by the commissioner of the amount of the tax and penalties as determined or assessed by him, shall be admissible in evidence and shall establish prima facie the facts set forth therein." If the state alleges in its complaint, as it has done here, all the facts which it would

be required to prove to make out a *prima facie* case, that should be sufficient.

Defendant contends that the form of action employed here cannot be used in the collection of taxes. It has been so used in several instances and apparently not questioned by the taxpayer. State v. Western Union Tel. Co. 96 Minn. 13, 104 N. W. 567 (collection of personal property tax), where the complaint is quite similar to that in the instant case; State v. Western Union Tel. Co. 111 Minn. 21, 124 N. W. 380 (personal property tax) ; State v. D. & N. M. Ry. Co. 102 Minn. 26, 112 N. W. 897 (gross earnings tax) ; State v. Crete Min. Co. 164 Minn. 273, 204 N. W. 932 (occupation tax).

Defendant cites City of Faribault v. Misener, 20 Minn. 347 (396), in support of his contention. This was an action brought before a justice of the peace to collect a poll tax. The court held that the tax could not be collected by suit. It stated that "if the legislature had intended that such a method should be pursued in collecting this poll tax, it would have so provided in express terms, and would not have left its intention to be inferred from its silence." The legislature made such a provision in connection with the collection of income taxes when it enacted § 290.48, subd. 5, *supra,* reading: "In addition to all other methods authorized for the collection of the tax, it may be collected in an ordinary action at law or in equity by the state against the taxpayer."

The order sustaining the demurrer is reversed.

Mr. Justice Streissguth took no part in the consideration or decision of this case.