Tim BREZA, et al., Petitioners,

v.

Mary KIFFMEYER, Minnesota
Secretary of State,
Respondent.

No. A06–1871.

Supreme Court of Minnesota.

Nov. 16, 2006.

Douglas G. Peine, Attorney at Law, St. Paul, MN, for Tim Breza.

Mike Hatch, Attorney General, Kenneth E. Raschke Jr., Assistant Attorney General, St. Paul, MN, for Mary Kiffmeyer.

Peter Charles Hennigan, Faegre & Benson, Minneapolis, MN, for Amicus Ron Erhardt.

## OPINION

PER CURIAM.

Tim Breza and twelve other individuals filed a petition, pursuant to Minn.Stat. § 204B.44(a) (2004),[1] to enjoin respondent Mary Kiffmeyer, the Minnesota Secretary of State, from proceeding with the general election on a proposed constitutional amendment to dedicate and allocate revenue from the motor vehicle sales tax (MVST). Petitioners claim that the ballot question on the amendment is unconstitutionally misleading as it relates to the allocation of MVST revenues between public transit and highways. On October 26, 2006, we denied the petition and indicated that an opinion would follow.

The facts are undisputed. In 2005, the legislature proposed an amendment to the Minnesota Constitution to be voted on at the 2006 general election. The proposal would amend Article XIV of the constitution, entitled "Public Highway System," by adding two new sections:

> Sec. 12. Beginning with the fiscal year starting July 1, 2007, 63.75 percent of the revenue from a tax imposed by the state on the sale of a new or used motor vehicle must be apportioned for the transportation purposes described in section 13, then the revenue apportioned for transportation purposes must be increased by ten percent for each subsequent fiscal year through June 30, 2011, and then the revenue must be apportioned 100 percent for transportation purposes after June 30, 2011.
>
> Sec. 13. The revenue apportioned in section 12 must be allocated for the following transportation purposes: not more than 60 percent must be deposited in the highway user tax distribution fund, and not less than 40 percent must be deposited in a fund dedicated solely to public transit assistance as defined by law.

Ch. 88, § 9, 2005 Minn. Laws 459.[2] The legislature approved the following question to appear on the ballot:

---

1. The statute provides that an individual may petition "for the correction of * * * [a]n error or omission in the placement or printing of the name or description of any candidate or any question on any official ballot." Minn. Stat. § 204B.44(a) (2004).

2. The proposed constitutional amendment was part of an omnibus transportation bill

Shall the Minnesota Constitution be amended to dedicate revenue from a tax on the sale of new and used motor vehicles over a five-year period, so that after June 30, 2011, all of the revenue is dedicated at least 40 percent for public transit assistance and not more than 60 percent for highway purposes?

*Id.,* § 10. The approved title for this question on the ballot is "Phased in Dedication of the Motor Vehicle Sales Tax to Highways and Public Transit." [3]

In 2006, bills were introduced in the legislature to change the proposed constitutional amendment and the ballot question to provide for a firm allocation of 60 percent of MVST revenues for highways and 40 percent for transit. H.F. 2915, 3048, 3761, 84th Minn. Leg.2005–06; S.F. 2444, 2446, 3764, 84th Minn. Leg.2005–06. Bills were also introduced to effectuate this firm allocation statutorily. H.F. 3173, 84th Minn. Leg.2005–06; S.F. 2445, 84th Minn. Leg.2005–06. None of these bills passed.

The petition was filed on October 5, 2006, approximately one month before the general election, after ballots had already been printed and as absentee ballots were about to be distributed. We directed the petitioners to file a memorandum addressing why the petition could not have been filed earlier and whether the doctrine of laches should apply.

■ We do not condone petitioners' delaying as long as they did to file the petition. *See Winters v. Kiffmeyer,* 650 N.W.2d 167, 169 (Minn.2002) (reiterating need for parties to file petitions promptly after learning of alleged error or omission in ballot preparation or election proceedings, because the very nature of election matters "routinely requires expeditious consideration and disposition by courts facing considerable time constraints imposed by the ballot preparation and distribution process") (quoting *Peterson v. Stafford,* 490 N.W.2d 418, 419 (Minn.1992)). Nevertheless, laches is a discretionary, equitable concept, and in this case we choose to address petitioners' claim on the merits.

Petitioners claim that the language of the ballot question is misleading with respect to the allocation of MVST revenues between public transit and highways.[4] They argue that this language authorizes all MVST revenue to be applied to transit with highways receiving nothing, and that the phrase "not more than 60 percent for highway purposes" is superfluous. Petitioners contend that voters will be misled into believing that there is a firm 40–60 split between transit and highways. Respondent argues that petitioners' quarrel is not with the wording of the ballot ques-

that the governor vetoed. However, the constitution provides for the legislature alone to propose constitutional amendments:

A majority of the members elected to each house of the legislature may propose amendments to this constitution. Proposed amendments shall be published with the laws passed at the same session and submitted to the people for their approval or rejection at a general election.

Minn. Const. art. IX, § 1. *See* Op. Att'y Gen. No. 213–C at 3–5 (March 9, 1994) (stating that amendments proposed by legislative action are not subject to gubernatorial approval or veto, and veto of bill containing proposed constitutional amendment together with ordinary legislation would not affect proposed constitutional amendment).

3. By statute, the secretary of state must provide an appropriate title for each question presented on the ballot for constitutional amendments, and the title must be approved by the attorney general. Minn.Stat. § 204D.15 (2004).

4. Petitioners do not challenge the dedication of all MVST revenues for transportation purposes.

tion but with the substance of the proposed amendment itself.

Article IX, § 1, of the state constitution provides that a proposed amendment to the constitution "shall be * * * submitted to the people for their approval or rejection at a general election." We have held that the form and manner of submitting the question of a constitutional amendment to the people "are left to the judgment and discretion of the legislature, subject only to the implied limitation that they must not be so unreasonable and misleading as to be a palpable evasion of the constitutional requirement to submit the law to a popular vote." *State ex rel. Marr v. Stearns*, 72 Minn. 200, 218, 75 N.W. 210, 214 (1898), *rev'd on other grounds*, 179 U.S. 223, 21 S.Ct. 73, 45 L.Ed. 162 (1900); *accord State v. Duluth & N. M. Ry. Co.*, 102 Minn. 26, 30, 112 N.W. 897, 898 (1907). In the latter case we stated that a court cannot review the form and substance of a ballot question the legislature in its discretion has submitted for a popular vote simply because the court may believe the question "was not phrased in the best or fairest terms." *Duluth & N. Ry. Co.*, 102 Minn. at 30, 112 N.W. at 898. We then held that although the ballot question at issue contained unnecessary language, it was constitutional because the "clear and essential purpose" of the proposed amendment was "fairly expressed in the question submitted." *Id.* at 30, 112 N.W. at 899.

The ballot question in this case clearly does not meet the high standard set out in our precedent for finding a proposed constitutional amendment to be misleading. Petitioners concede that the ballot question accurately reflects the allocation of MVST revenues expressed in the proposed constitutional amendment. Proposed art. XIV, § 13 states that the allocation is "not less than 40 percent" for transit and "not more than 60 percent" for highways; the ballot question phrases the formulation as "at least 40 percent" for transit and "not more than 60 percent" for highways. The form of the ballot question conforms to the language of the proposed amendment, and as we stated in *Stearns*, the form of submitting the question of a constitutional amendment to the people is left to the judgment and discretion of the legislature.

We can conceive of a situation, particularly in the area of taxation, where the language of a ballot question is so complex that voters could not fairly be expected to understand the meaning or essential purpose of the proposed constitutional amendment. But that is not the case here. The language of this ballot question unambiguously establishes only a mandatory minimum allocation for transit and a corresponding mandatory maximum allocation for highways, with the actual allocation within those parameters left to the legislature. Although it is possible that some voters may misinterpret the language to provide a firm 40–60 allocation, we cannot say the language is so unclear or misleading that voters of common intelligence cannot understand the meaning and effect of the amendment. To demand more from a judicial perspective would invade the province of the legislature.

We hold that the ballot question is not misleading so as to evade the requirement of Minn. Const. art. IX, § 1, that constitutional amendments shall be submitted to a popular vote.

Petition denied.