## JAMES EVERINGTON and Others v. BOARD OF PARK COMMISSIONERS OF CITY OF MINNEAPOLIS.[1]

November 15, 1912.

Nos. 17,680—(41).

**Assessment for local improvement — due process of law — notice of hearing.**

In proceedings to assess the cost of lands acquired for park purposes in Minneapolis, it is *held:*

1. The owners of land to be assessed were at some stage of the proceedings entitled to a hearing *de novo* upon all objections they might have, in order to constitute due process of law.

2. The trial in the district court on the application to confirm the assessment of the park assessors is not such a hearing.

3. The order or judgment confirming such assessment is a final order or judgment, and precludes the objectors from having such a hearing thereafter.

4. The hearing provided by the laws to be held before the park assessors. is such a hearing. Notice of the time and place thereof, served by publication describing the location of the proposed park, but not describing the property to be assessed therefor, or the boundaries of the assessment district, is a sufficient notice to constitute due process of law.

5. The decision of the trial court to the effect that the assessors did not act on illegal or erroneous principles in assessing the property of objectors. as specially benefited by the park, is sustained by the evidence.

6. It was not prejudicial error to try the case on affidavits, with permission to objectors to apply to be permitted to offer oral testimony in addition.

In proceedings under Sp. Laws 1889, p. 567, c. 30, § 4, to assess the special benefit from the purchase of certain lands in the city of Minneapolis for park purposes, the park assessors filed their report in the district court for Hennepin county and application was made to the court for the confirmation of the same. James Everington, and other landowners whose property was assessed, objected to the

1 Reported in 138 N. W. 426.

confirmation of the assessment. The proceedings in the district court. are narrated in the opinion and were before Waite, J., who confirmed the assessment. From the order overruling the objections and confirming the report of the assessors and from a subsequent order denying objectors' motion to make findings of fact and conclusions of law,. and to vacate the prior order and grant a new trial, they appealed.. Affirmed.

*George H. Selover,* for appellants.

*C. J. Rockwood,* for respondents.

BUNN, J.

Proceedings under section 4, chapter 30, page 567, Sp. Laws 1889,. to assess the cost of lands acquired for park purposes in Minneapolis upon lands specially benefited thereby. Objections were filed and the matter heard before the district court for Hennepin county on the application to confirm the assessment. The trial court granted the application. Objectors appealed from the order confirming the assessment, and also from a subsequent order denying the motion of objectors to vacate the prior order and grant a new trial.

The first question is whether either order is appealable. We hold that the second order should be construed as one denying a new trial and that it is appealable.

The case on the merits presents serious and difficult questions, to the proper understanding and decision of which a rather full statement of facts is necessary.

The land acquired for park purposes was a tract in the sixth and eleventh wards of Minneapolis, bounded on the north-east by the Mississippi river. The board of park commissioners determined that seventy per cent of the amount required for the purchase of this tract, which was $49,400, should be assessed upon and collected from the land specially benefited by the establishment of the park. The board then petitioned the district court for the appointment of park assessors. Notice of this application was published as required by the law. No appearance was made in opposition to the petition, and the court appointed three assessors to determine the assessment dis-

trict and make the assessment. The assessors so appointed qualified, made and caused to be published notice of the time and place when they would meet for the purpose of making such assessment, and that "all parties interested may appear before said assessors and be heard touching any matter connected with the assessment." This notice was not personally served upon any of the interested property own-ers, and did not contain any description of the assessment district, its location or extent, but did contain a description of the property taken for the park. It does not appear that appellants or any inter-ested persons appeared before the assessors at their meeting. The assessors fixed the boundaries of the assessment district, made the assessment and filed their report to the district court. This report described the limits of the assessment district, named the amount as-sessed against each lot or parcel of land included in the district, and the owner thereof. Notice of the application to confirm the assess-ment was given as required by the law. In fact it is conceded that each step in the proceedings, up to this time, was strictly in accord-ance with the provisions of the statute under which the assessment was made. The objectors appeared and opposed the confirmation; the objections filed by them, as far as they are material here, may be summarized thus:

The assessment of any property on the east side of the Mississippi for the acquisition of a park on the west side of the river is "unjust, and unfair and inequitable." No special benefits have accrued or will accrue to said property that would not have accrued to the whole city. In brief, the objections fairly raised the question whether the assessors proceeded upon "erroneous principles" in assessing any property on the east side of the river.

The order recites that, after granting leave to the several objectors to file their objections (the time fixed by law having expired) "Mr. Selover applied for leave to introduce oral testimony in support of the objections, which application the court denied, (the objectors duly excepting) and directed that the hearing be upon affidavits, with leave to the objectors, however, to orally cross-examine the assessors, and to make further application for leave to orally examine other witnesses if this should be deemed necessary after the submission of

affidavits." The court then ordered that objectors serve their affidavits upon the attorney for petitioner on or before September 25, 1911, and that further hearing be had on the objections September 26, upon such affidavits and such further affidavits as petitioners might then desire to submit. The matter was heard on the date fixed upon these affidavits, no oral evidence being taken. It is not shown that objectors applied again for permission to "orally examine other witnesses."

1. The question of greatest importance and difficulty is as to whether the park assessment procedure provided by the law, as followed in this case, constituted due process of law. It cannot be doubted that at some stage of the proceedings the objectors were entitled to a hearing *de novo,* upon due notice.

2. We think it reasonably clear that the trial below was not such a hearing. In fact it could not be, if the terms of the law were observed. The objectors could not question the amount of the assessment, unless fraud, mistake, or erroneous principles were shown. The report of the assessors had a prima facie value that entirely prevented a trial *de novo* on the application to confirm the assessment. The court was acting really as a court of appeal, the report of the assessors having much the effect of the verdict of a jury or the decision of a trial judge. State v. District Court of Hennepin County, 33 Minn. 235, 22 N. W. 625.

3. It is urged that the objectors still have this opportunity to be heard in the tax proceedings which must follow before judgment can be entered against their land for the assessment. But we cannot concur in this. The order confirming the assessment is a final order or judgment, and concludes all parties as to all questions concerning the amount of the assessment, whether the property received a special benefit, and mistakes made or illegal principles adopted by the assessors. State v. District Court of Hennepin County, supra.

4. We therefore think that whether there was due process of law depends upon whether the owners of property affected by the assessment had an opportunity, after due notice, to be heard before the assessors. The law gives this right to a hearing; and the only ques-

tion here is as to whether "due notice" to the property owners whose lands were to be affected is given by a published notice that is not directed to anyone, does not describe any property except that taken for park purposes, and in no other way indicates upon what property or district the assessment may be spread.

That the notice was not personally served is immaterial. Constructive service by publication was sufficient. Neither is it important, we think, that the notice was not directed to property owners by name. It may fairly be construed as being directed to all "interested parties." The difficulty is that it does not describe the property to be assessed, or indicate its location, save by the description of the proposed park. The notice does say that the lots to be assessed are in the city of Minneapolis, and are such as the assessors "shall deem to be specially benefited by the park" described in the notice. It is perhaps a fair inference that the property to be assessed lies in the vicinity of the proposed park—not so far away that it cannot receive a special benefit, as distinguished from a general benefit. There is one case holding such a notice insufficient. Boorman v. City, 65 Cal. 313. But we are not prepared to agree with the conclusion reached in the California case. The notice given by the assessors was to give interested property owners an opportunity to be heard on the question of the extent and boundaries of the assessment district, as well as on the question of the amount their respective lots should bear. It was of course impossible to describe the district before it had been determined. Had the district been fixed, a notice sufficient to apprise parties interested that their property is included within the district would have been good, though it was not directed to any particular persons and though it did not describe any particular property. The only vice then, in the notice given, was the failure to notify property owners that their property was liable to be assessed for the park. But it may fairly be said, we think, that the notice given was sufficient to apprise each owner of property in Minneapolis that land had been purchased for a public park, and that an assessment was to be levied upon the property specially benefited thereby. Owners of property near the park might well realize that prudence required them to appear before the assessors with their

evidence and arguments against the proposed assessment. We regard the question as doubtful, but conclude that the notice was sufficient. This conclusion seems to be in accord with that reached by the Wisconsin supreme court in Hennessy v. Douglas County, 99 Wis. 129. It is not easy to see much difference between a published notice that defines the boundaries of the proposed assessment district, and one which merely describes the location of the public improvement for which the assessment is made.

There is no fixed rule as to what kind of a notice is necessary in order to make due process of law. It is not correct to say there must be the same degree of certainty in a description as is required in a deed. An assessment for a local improvement is a public matter, a species of tax, and the due process clause of the Constitution is satisfied easier in such cases. The Minneapolis park law has been in force many years, and many assessments have been made under it. This fact, while not controlling, is not without weight in the solution of a question so doubtful. In State v. District Court of Hennepin County, supra, the point was made that the notice did not designate the property to be assessed, nor the district within which assessments would be made. The court decided that this did not invalidate the assessment, though the constitutionality of the law providing for such a notice was not expressly declared. A reference to the briefs of counsel in that case discloses that the point was made and elaborately argued, and had it been upheld, the decision must have been otherwise.

4. We are unable to hold that the decision of the trial court to the effect that the assessors did not proceed upon an alleged or erroneous principle in assessing property on the opposite side of the river from the proposed park, is not sustained by the evidence. We do not feel justified in saying that, as a matter of law, there can be no special benefit to such property.

5. The action of the trial court in trying the proceeding on affidavits, is claimed as error. It does not appear that objectors renewed their application to be allowed to offer oral evidence, or that they

were prejudiced by this method of trying the case. We do not feel warranted in granting a new trial on this ground.

Order affirmed.

BROWN, J. (dissenting):

I am unable to concur in the view that in assessing property upon the opposite side of the river the assessors did not proceed upon an erroneous principle. It seems demonstrable to me, as a matter of law, that property so far removed from the proposed improvement should not be included in the assessment district.