# STATE EX REL. FORD MOTOR COMPANY v. DISTRICT COURT OF FOURTH JUDICIAL DISTRICT.[1]

May 4, 1917.

Nos. 20,293—(23).

**Condemnation of alley — evidence — finding.**
The finding in favor of the city is questioned but not reversed.    [Reporter.]

After the decision reported in 133 Minn. 221, 158 N. W. 240, upon the relation of the Ford Motor Company, the supreme court granted its writ of *certiorari* to review the action of the district court for Hennepin county in a proceeding by the city of Minneapolis to condemn an alley in that city. Writ discharged.

*Lancaster, Simpson & Purdy,* for relator.

*C. D. Gould,* City Attorney, *R. S. Wiggin,* Assistant City Attorney, and *Charles J. Tryon,* for respondent.

PER CURIAM.

*Certiorari* to review the order of the district court confirming the proceedings of the common council of Minneapolis establishing an alley through relator's property. A like order in the same proceeding was reversed in State v. District Court of Fourth Judicial District, 133 Minn. 221, 158 N. W. 240. Upon the evidence then before us we held that the city, under the pretense of establishing an alley, was getting a right of way for the Great Northern Railway for a switch track. Upon the going down of the remittitur the city applied for leave to introduce additional testimony and leave was granted. The record before us is the same as upon the former appeal, except for the additional testimony offered by the city. The court finds that the right of way was taken for alley purposes. The evidence forcibly points to a taking for a right of way for a railroad and not in good faith for the purpose of a public alley, but, in view of the additional evidence before us, which has some tendency to support the city's contention, we cannot say that the finding is not sustained. We hold the evidence sufficient. No other question is involved.

Order sustained.

HOLT, J. (dissenting).

I dissent. The physical facts and documentary evidence demonstrate so

[1]Reported in 162 N. W. 1087.

clearly that the taking is not for a public alley but for a railroad right of way that no finding to the contrary should be permitted to stand.